NORTHERN DISTRICT OF TEX

**FILED**

**SEP 28 2006**

CLERK, U.S. DISTRICT COURT

By _____

Deputy

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY ) 
COMMISSION, )
                                  )
          **Plaintiff,** )
                                  )
**v.** )
                                    )
**BRENTWOOD HEALTHCARE, LTD.** )
**AND STEBBINS FIVE COMPANIES, LTD.** )
                                    )
          **Defendant.** )
_____ )

**CIVIL ACTION NO.**

**COMPLAINT**

**3-06CV  1780N**

**JURY TRIAL DEMAND**

## NATURE OF THE ACTION

This an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of

the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of race and

sex and to provide relief to Kimberly Long and Cynthia Wilson. The Commission alleges that

Defendants Brentwood Healthcare, Ltd. and Stebbins Five Companies, Ltd., operating as an

integrated enterprise, violated Title VII by subjecting Kimberly Long to a racially and sexually

hostile work environment, by retaliating against her for engaging in protected activity and by

constructively discharging her due to the discriminatory treatment. The Commission further

alleges that Defendants Brentwood Healthcare, Ltd. and Stebbins Five Companies, Ltd.,

operating as an integrated enterprise, violated Title VII by subjecting Cynthia Wilson to a

sexually hostile work environment that led to her constructive discharge.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, 1331, 1337,

1343, 1345. This action is authorized and instituted pursuant to Section 706(1)(f) and (3) of the

Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §2000e-5(f) (1) and (3), and

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.    The employment practices alleged to be unlawful were and are now being

committed within the jurisdiction of the United States District Court for the Northern District of

Texas.

## PARTIES

3.    Plaintiff, Equal Employment Opportunity Commission of (the "Commission"), is

an agency of the United States of America charged with the administration, interpretation and

enforcement of Title VII of the Civil Rights Act of 1964, as amended, and is expressly

authorized

to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.    At all relevant times, Defendants have continuously been and are now doing

business in the State of Texas and the City of Dallas, and have continuously had at least fifteen

employees.

5.    At all relevant times, Defendants have continuously been an employer engaged

in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C.

§2000e-(b), (g) and (h).

## STATEMENTS OF CLAIMS

6.    More than thirty days prior to the institution of this lawsuit, Kimberly Long and

Cynthia Wilson filed a charge with the Commission alleging a violations of Title VII of the Civil

Rights Act of 1964, as amended, by the Defendants.  All conditions precedent to the institution

of this lawsuit have been fulfilled.

7.    Since at least November 2003 the Defendants have engaged in unlawful

employment practices at their Dallas, Texas, facility in violation of Section 703(a) (1) of Title VII, 42 U.S.C. §2000e-2(a)(1), by subjecting Kimberly Long to a racially hostile work environment due to her association with an African-American.

8.    Since at least November 2003 the Defendants have engaged in unlawful employment practices at their Dallas, Texas, facility in violation of Section 703(a) (1) of Title VII, 42 U.S.C. §2000e-2(a)(1), by subjecting former employees Kimberly Long and Cynthia Wilson to a sexually hostile work environment.

9. Cynthia Wilson was constructively discharged by Defendants due to the sexually hostile work environment.

10.    Since at least November 2003 the Defendants have engaged in unlawful employment practices at their Dallas, Texas, facility in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by retaliating against Kimberly Long by demoting her and subjecting her to an unwarranted investigation in retaliation for her complaining about the harassment she was experiencing the workplace. As a result, Ms. Long was constructively discharged due to the harassment by Defendants based upon her sex, female, harassment based upon race due to her association with an African-American and the unlawful retaliation, in violation of Title VII.

11. The result of the foregoing practices has been to deprive Kimberly Long and Cynthia Wilson of equal employment opportunities.

12.    The unlawful employment practices complained of in paragraphs 7, 8, 9 and 10, above were intentional.

13.    The unlawful employment practices complained of in paragraphs 7, 8, 9 and 10, above were done with malice or with reckless indifference to the federally protected rights of Kimberly Long and Cynthia Wilson.

3

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex or race, or which facilitates, condones or encourages employees to create or tolerate a sexually or racially hostile environment.

B.    Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from retaliating against employees who oppose what they reasonably believe to be unlawful employment practices or who otherwise participate in Title VII proceedings.

C    Order the Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for Kimberly Long and Cynthia Wilson and eradicate the effects of their past and present unlawful unemployment practices.

D.    Order the Defendants to make whole Kimberly Long and Cynthia Wilson  by providing appropriate back pay  with prejudgment interest, in amounts to be proved at trial, and other affirmative relief  necessary to eradicate the effects of Defendants' unlawful employment practices, including but not limited  to rightful-place reinstatement or front pay in lieu of reinstatement.

4

E.    Order the Defendants to make Kimberly Long and Cynthia Wilson whole by

providing compensation for past and future non-pecuniary losses resulting from the unlawful

employment practices described in paragraphs 7, 8, 9 and 10, above, including but not limited to,

pain and suffering, humiliation, embarrassment, emotional distress, anxiety, and loss often

enjoyment of life, in amounts to be determined at trial.

F.    Order the Defendants to pay Kimberly Long and Cynthia Wilson punitive damages

for their malicious conduct or reckless indifference described in paragraphs 7, 8, 9, and 10

above, in an amount to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public

interest.

H.    Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

TOBY W. COSTAS
Supervisory Trial Attorney
Texas State Bar No. 04855720

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(214) 253-2760 (telephone)
(214) 253-2749 (facsimile)

FINAL

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | BRENTWOOD HEALTHCARE, LTD., AND STEBBINS FIVE COMPANIES, LTD. |

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

RECEIVED
SEP 28 2006
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Toby W. Costas, EEOC, 207 S. Houston St., 3rd Fl. Dallas, TX 75202, 214/253-2760

Attorneys (If Known)

**3-06CV 1780N**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☑ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☑ 442 Employment | Sentence | ☐ 791 Empl. Ret Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII of Civil Rights Act of 1964, as amended and Title I of Civil Rights Act of 1991.

Brief description of cause:
Defendants subject K. Long and C. Wilson to either sexually or racially hostile work environment.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE _____    DOCKET NUMBER _____

DATE 9-28-06

SIGNATURE OF ATTORNEY OF RECORD
Toby Costas - EEOC

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG JUDGE _____